1

2

3

4

5           UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7    In Re:

                                            NO:  2:12-CV-422-RMP
8    LLS AMERICA, LLC,

                                             Bankr. Case No. 09-06194-PCW11
9                           Debtor,

                                             Adv. Proc. No. 11-80094-PCW11
10   BRUCE P. KRIEGMAN, solely in his
     capacity as court-appointed Chapter 11
11   Trustee for LLS America, LLC,          ORDER DENYING MOTION TO
                                            VACATE JUDGMENT
12                          Plaintiff,

13   v.

14   ZDENEK SLANINA AND VERA
     SLANINA,
15
                            Defendants.
16

17       BEFORE THE COURT is Defendants' Motion to Vacate Judgment, ECF

18   No. 26.  The Court has reviewed the motion, the record, and is fully informed.

19                           BACKGROUND

20       After Defendants failed to adequately respond to this suit, the U.S. District

21   Court Clerk entered an Order of Default, ECF No. 14.  On December 7, 2012, the

ORDER DENYING MOTION TO VACATE JUDGMENT ~ 1

Court entered a Default Judgment against the Slaninas. *See* ECF Nos. 21 and 22.

On March 23, 2013, an Order to Register Foreign Judgment was entered against

Defendants (and Plaintiff argues that it was personally served on Defendants).

ECF No. 29-2.

On February 21, 2017, Defendants filed the present challenge to this Court's

personal jurisdiction over them and argue that the Court should vacate the prior

judgment as invalid pursuant to FED. R. CIV. P. 60(4) and (6). *See* ECF No. 26.

ANALYSIS

Service is governed by FED. R. CIV. P. 4, which states in relevant part:

**Serving an Individual in a Foreign Country.** Unless federal law
provides otherwise, an individual--other than a minor, an incompetent
person, or a person whose waiver has been filed--may be served at a
place not within any judicial district of the United States:
**(1)** by any internationally agreed means of service that is reasonably
calculated to give notice, such as those authorized by the Hague
Convention on the Service Abroad of Judicial and Extrajudicial
Documents;
**(2)** if there is no internationally agreed means, or if an international
agreement allows but does not specify other means, by a method that is
reasonably calculated to give notice:
**(A)** as prescribed by the foreign country's law for service in that
country in an action in its courts of general jurisdiction;
**(B)** as the foreign authority directs in response to a letter rogatory or
letter of request; or
**(C)** unless prohibited by the foreign country's law, by:
**(i)** delivering a copy of the summons and of the complaint to the
individual personally; or
**(ii)** using any form of mail that the clerk addresses and sends to the
individual and that requires a signed receipt; or
**(3)** by other means not prohibited by international agreement, as the
court orders.

FED. R. CIV. P. 4.

ORDER DENYING MOTION TO VACATE JUDGMENT ~ 2

1    Pursuant to subsection (f)(1), our inquiry begins with the Hague Convention.

2    Article 10 of the Convention, the English text of which reads as follows:
     "Provided the State of destination does not object, the present
3    Convention shall not interfere with—
     "(a) the freedom to send judicial documents, by postal channels,
4    directly to persons abroad,
     "(b) the freedom of judicial officers, officials or other competent
5    persons of the State of origin to effect service of judicial documents
     directly through the judicial officers, officials or other competent
6    persons of the State of destination,
     "(c) the freedom of any person interested in a judicial proceeding to
7    effect service of judicial documents directly through the judicial
     officers, officials or other competent persons of the State of
8    destination."

9    *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017) (quoting 20 U.S.T., at

10   363.  Although the Hague Convention "liberalized service of process in

11   international civil suits," *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004), it

12   does not, by itself, provide an affirmative answer to what specific types of service

13   are allowed in a particular case.  It must be read in conjunction with the laws of the

14   forum where the case is pending.  As the Ninth Circuit Court of Appeals stated in

15   *Brockmeyer v. May*, 383 F.3d at 804:

16       [W]e must look outside the Hague Convention for affirmative
         authorization of the international mail service that is merely not
17       forbidden by Article 10(a).  Any affirmative authorization of service by
         international mail, and any requirements as to how that service is to be
18       accomplished, must come from the law of the forum in which the suit
         is filed.

19
20   As stated in Article 10 of the Hague Convention and as recognized in

     *Brockmeyer*, the Hague Convention permits service of process by international
21
     mail.  *See id*. at 808.  Furthermore, Plaintiff provided the Court with a copy of

ORDER DENYING MOTION TO VACATE JUDGMENT ~ 3

1    Canada's Accession Document to the Hague Convention, which states that

2    "Canada does not object to service by postal channels."  *See* ECF No. 29-3 at 2.

3    Considering that this case was pending in U.S. District Court, we find the

4    requirements of this forum within FED. R. CIV. P. 4.  "Service by international mail

5    is affirmatively authorized by Rule 4(f)(2)(C)(ii), which requires that service be

6    sent by the clerk of the court, using a form of mail requiring a signed receipt."

7    *Brockmeyer v. May*, 383 F.3d at 808.

8        In this case, the deputy clerk for the U.S. Bankruptcy Court for the Eastern

9    District of Washington certified "that a copy of the Summons and Complaint was

10   mailed by international registered mail with Returned Receipt for International

11   Mail" to both Defendants who now challenge personal jurisdiction.  Plaintiff

12   provided documents "showing receipt of the summons and complaint by the

13   Slaninas on August 12, 2011."

14       Defendants urge the Court to read the language from FED. R. CIV. P. 4(f)(C):

15   "unless prohibited by the foreign country's law" as requiring that all service

16   provided in Canada from other countries adhere to the domestic rules for suits

17   within Canada.  This interpretation would conflict with the statements within the

18   Hague Convention and FED. R. CIV. P. 4.  "Unless prohibited by" is not to be

19   understood as being the same as "explicitly provided for."  Through the Hague

20   Convention, Canada stated that service by mail is not "prohibited" in Canada.

21   Accordingly, Plaintiff properly adhered to the requirements of FED. R. CIV. P.

1    4(f)(2)(C)(ii) by having the clerk of court serve process by international registered

2    mail with return receipts.

3         Although the Court finds that it had personal jurisdiction over Defendants in

4    this matter, the Court has considered other factors that would also require the

5    denial of Defendants' motion.  First, Defendants were personally served with an

6    Order to Register a Foreign Judgment in March of 2013.  They fail to state why

7    they have waited nearly four years to challenge this Court's jurisdiction pursuant to

8    FED. R. CIV. P. 60, which requires that a motion be made within a "reasonable"

9    time.  The Court finds that Defendants' unexplained delay is unreasonable.

10        Additionally, Defendants failed to substantively respond to Plaintiff's

11   argument that Defendant consented to suit by filing a proof of claim in the

12   underlying bankruptcy case before venue was transferred to this judicial district.

13   The Court has no basis to dispute Plaintiff's assertion that Defendants consented to

14   the Court's personal jurisdiction by filing their proof of claim.

15        The Court finds that Defendants were properly served, and that the

16   Judgment entered against them was procedurally and jurisdictionally valid.

17        Accordingly, **IT IS HEREBY ORDERED THAT**:

18        Defendants' Motion to Vacate Judgment, **ECF No. 26**, is **DENIED**.

19   \\

20   \\

21   \\

ORDER DENYING MOTION TO VACATE JUDGMENT ~ 5

1    The District Court Clerk is directed to enter this Order, provide copies to

2  counsel, and **CLOSE** this case.

3    **DATED** this 14th day of July 2017.

4                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
5                              United States District Judge